UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ANDREW RUSSO, *et al*,

Defendants.

**MEMORANDUM & ORDER**
21-CR-00466 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

Defendants Albert Alimena, Ralph DiMatteo, Theodore Persico Jr., and Michael Uvino (together, "Defendants"), along with others, are charged by Superseding Indictment with offenses arising from various criminal schemes carried out by alleged members and associates of the Colombo organized crime family of La Cosa Nostra. ECF No. 286 (Superseding Indictment).

Presently before the Court are: (i) Defendant Uvino's and Defendant Persico's motions to suppress evidence, ECF Nos. 379-1, 382;[1] (ii) Defendant Uvino's and Defendant Persico's motions for a *Franks* hearing, ECF Nos. 379-1, 382; (iii) Defendant DiMatteo's motion for a bill of particulars, ECF No. 372; (iv) Defendant Persico's motion to dismiss Count One of the Superseding Indictment, ECF No. 382; and (v) Defendant DiMatteo's and Defendant Persico's motions for additional discovery, ECF Nos. 372, 382 (collectively, "Pre-Trial Motions"). For the reasons set forth below, the Court denies the Pre-Trial Motions in their entirety.[2]

---

[1] Unless otherwise specified, the Court will refer to the redacted versions of the parties' briefs.

[2] Defendant Albert Alimena filed a motion to join co-defendants' motions. *See* ECF No. 377. Because the Court denies the Pre-Trial Motions in their entirety, Defendant Alimena's motion is also denied.

## BACKGROUND

The Court assumes familiarity with the background and the government's theory of the case, as outlined in the parties' submissions. *See* ECF Nos. 372 (DiMatteo Motion), 379-1 (Uvino Motion), 382 (Persico Motion), 396 (Government Opposition).

On April 13, 2022, a grand jury returned a 21-count superseding indictment ("Superseding Indictment") charging fifteen defendants with various criminal schemes committed by alleged members and associates of the Colombo crime family. ECF No. 286. The charges in the Superseding Indictment include, among other things, racketeering, extortion, money laundering conspiracy, health care fraud, loansharking, fraud in connection with identification documents, drug trafficking, making false statements, and unlawful possession of firearms and ammunition. *See generally id.*

The charges follow from a year-long investigation by the Federal Bureau of Investigation ("FBI") and other law enforcement agencies into allegations that members of the Colombo crime family extorted an official of a labor union ("Labor Union"). One of the intended victims of the extortion scheme was John Doe #1, a senior official of the Labor Union and a trustee for the Labor Union's employee welfare benefit fund (the "Health Fund"), that provided medical benefits, including dental, optical and pharmacy benefits to Labor Union members and other qualifying plan participants. The investigation included, among other things, the testimony of cooperating witnesses including John Doe #1, cellphone records from cellphone providers, records from financial institutions and nine wiretap interception warrants covering seven mobile telephone numbers. These wiretap applications were submitted to and authorized by five

different district judges in the Southern District of New York.[3]  Each of the nine wiretap applications was supported by an affidavit from the FBI case agent.

## DISCUSSION

I.   **Defendant Uvino's and Defendant Persico's Motions to Suppress Evidence**

Defendants Uvino and Persico separately move to suppress evidence obtained pursuant to the Title III wiretap, search, and cell-site information warrants.  ECF Nos. 379-1, 382.  For the reasons set forth below, the Court denies both motions.

   A.  *Defendant Uvino's Motion to Suppress*

Defendant Uvino argues that the August 27, 2020, affidavit of the FBI case agent ("August 27, 2020, Affidavit") filed in support of the interception of wire and electronic communications for his cellphone is "riddled with inconsistencies, [and] misrepresentations" and any evidence obtained as a product of that affidavit should be suppressed.  ECF No. 379-1 at 4.  This evidence includes interceptions of Defendant Uvino's voice and text message communications obtained pursuant to authorizations on August 27, 2020, September 25, 2020, and October 26, 2020.  *Id.*; ECF No. 396 at 24, 35.  Defendant Uvino specifically challenges the August 27, 2020, Affidavit's characterization of his relationship with John Doe #1 and argues that the authorizing court could not "make a good faith determination as to whether or not to issue a warrant" without knowing the prior history between Defendant Uvino and John Doe #1.  ECF No. 379-1 at 5–6.  The government responds that the August 27, 2020, Affidavit contained

---

[3]    The applications were filed in the S.D.N.Y. because the FBI's wire interception listening post is located in Manhattan.  *See United States v. Rodriguez*, 968 F.2d 130, 136 (2d Cir. 1992) (holding that jurisdiction to issue wire interception order exists in the location where the intercepted calls will first be heard); *see also* ECF No. 396 at 24–25 (describing the nine applications, the target telephones and the judges who issued them).

"abundant" evidence supporting a probable cause finding that Defendant Uvino and others were engaged in an extortion scheme, including: (i) details about Defendant Uvino's membership in the Colombo crime family, ECF No. 396 at 37; (ii) information relayed by John Doe #1 about the extortion, *id.*; and (iii) law enforcement's efforts to corroborate the information of John Doe #1, including reviewing John Doe #1's telephone and financial records, *id.* at 38–39.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 provides that federal courts may order "the interception of wire, oral, or electronic communications, and it sets forth the procedure by which the Government may apply for such orders." [4] *United States v. Messalas*, No. 17-cr-339, 2020 WL 1666162, at *3 (E.D.N.Y. Apr. 4, 2020); *see also* 18 U.S.C. §§ 2516, 2518. A wiretap application must show the existence of probable cause supporting the belief that "an individual is committing, has committed, or is about to commit a particular offense" and "probable cause for the belief that particular communications concerning that offense will be obtained through such interception." 18 U.S.C. § 2518(3). The government must also justify the necessity for the wiretap. *See United States v. Kirk Tang Yuk*, 885 F.3d 57, 77–78 (2d Cir. 2018) (discussing the "probable cause" and "necessity" elements). "[A]n issuing court's authorization of a wiretap is entitled to substantial deference. The reviewing court's role is limited to ensuring only that the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Dervishaj*, No. 13-cr-668, 2015 WL 13842839, at *5 (E.D.N.Y. June 11, 2015); *see also United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015) (finding that "a reviewing court generally accords substantial deference to the finding of an issuing judicial officer that probable cause exists").

---

[4]  Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

The Court finds that the August 27, 2020, Affidavit provides "far in excess" of what is required to meet the standard for probable cause. *Dervishaj*, 2015 WL 13842839, at *5. The August 27, 2020, Affidavit supplied the authorizing judge with, among other things, a description of the information provided by John Doe #1, messages between John Doe #1 and Defendant Uvino's alleged co-conspirators, corroboration in the form of first-hand observations by law enforcement officers of extortion payments, and the results of a review of John Doe #1's financial records, which supported the alleged extortion scheme. In light of the information provided, and the substantial deference afforded to the issuing judge, *see Raymonda*, 780 F.3d at 113, the Court finds that probable cause existed to support the issuance of the warrant.

Moreover, the August 27, 2020, Affidavit sets forth the government's efforts to use alternative investigative techniques, including:

> the use of or prospect of using confidential sources, undercover agents, physical surveillance, pole cameras, search warrants, grand jury subpoenas, witness interviews, consensually recorded calls, prison calls, trash searches, mail covers requests, other wiretap investigations, other telephone records (pen registers, trap and trace devices, toll records analysis and subscriber information), tracking devices and phone location data, social media searches, criminal database checks, and financial investigation.

ECF No. 396 at 44–45. Based on these representations, the Court further finds that the August 27, 2020, Affidavit establishes that, despite the government's efforts, the aforementioned techniques would not be enough to expose the full scope of the alleged extortion scheme. *See United States v. Barrera*, 950 F. Supp. 2d 461, 470–71 (E.D.N.Y. 2013) (collecting cases holding that "wiretaps are permissible where normal investigative techniques are . . . not able to uncover evidence of the scope of the enterprise as a whole"). As such, the government has met its burden of satisfying the necessity requirement for the wiretap application. *See Kirk Tang Yuk*,

885 F.3d at 77–78.  Accordingly, Defendant Uvino's motion to suppress the evidence obtained as a product of the August 27, 2020, Affidavit is denied.

    B.  *Defendant Persico's Motion to Suppress*

Defendant Persico moves to suppress for lack of probable cause the evidence obtained from:  (i) the December 8, 2020, and February 25, 2021, affidavits in support of search warrant applications for cell-site location information ("Cell-Site Search Warrants"); (ii) the March 4, 2021, affidavit in support of a wiretap application for Defendant Persico's phone, and for an order for his historical and prospective cell-site location information ("March 4, 2021, Affidavit"); and (iii) evidence obtained following a court-authorized search of his person and place of business.  ECF No. 382 at 36–49.  Defendant Persico generally argues that the various affidavits in support of the warrants misrepresent his alleged role in the criminal enterprise and contain inconsistencies in the interpretation of communications about the alleged criminal activity.  *See id.* at 37–45.  The government responds that:  (i) probable cause existed for the Cell-Site Search Warrants and the March 4, 2021, wiretap warrant, because the government adequately demonstrated that it had reason to "believe that monitoring the location of Persico's cellular telephones [and interception of Defendant Persico's phone] would provide evidence of his involvement in the affairs of the Colombo crime family and his false statements to his Probation Officer, among other offenses," ECF No. 396 at 48, 58, and (ii) the application to search his person and place of business was adequately supported by an affidavit which included statements of a cooperating witness, *id.* at 62.

"In determining whether probable cause exists for a search warrant, the issuing judge is to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit . . . there is [a] fair probability that contraband or evidence of a crime will be found

6

in a particular place." *United States v. Fisher*, No. 09-cr-515, 2011 WL 212822, at *2 (E.D.N.Y. Jan. 21, 2011). As discussed previously, the finding of an issuing judge that probable cause exists is afforded substantial deference. *See United States v. Thomas*, 788 F.3d 345, 350 (2d Cir. 2015) ("When reviewing a challenged [search] warrant, we accord considerable deference to the probable cause determination of the issuing magistrate."). The Court finds that the affidavits supporting the application for the Cell-Site Search Warrants, the March 4, 2021, wiretap and the September 13, 2021, search warrant, contained more than sufficient information to support a finding of probable cause including, among other things: (i) details about Defendant Persico's supervisory role in the Colombo crime family, ECF No. 396 at 50–55; (ii) Defendant Persico's alleged violations of the terms of his supervised release, *id.* at 50–55, 57; (iii) information from confidential sources concerning Defendant Persico's involvement in criminal activity and his role in the Colombo crime family, *id.* at 50–55, 63; (iv) communications with other Colombo crime family members in the extortion of the Labor Union and John Doe #1, *id.* at 50–55, 60–61; and (v) observations from law enforcement officers of a vehicle registered to Defendant Persico in the vicinity of a November 19, 2020, meeting of other members of the Colombo crime family, *id.* at 54–57. Accordingly, considering the totality of the circumstances, *see Fisher*, 2011 WL 212822, at *2, the Court finds that probable cause existed for all the warrants.[5] As such, Defendant Persico's motion to suppress the fruits of these warrants is denied.

---

[5] Moreover, by the time the search of his person and place of business was authorized on September 13, 2021, Defendant Persico had been indicted by a grand jury. *See* ECF No. 1 (Indictment). That further supports a finding of probable cause. *See United States v. Feng Ling Liu*, No. 12-cr-934, 2014 WL 101672, at *5 (S.D.N.Y. Jan. 10, 2014) ("[A] number of district courts in this circuit have considered the allegations in indictments when evaluating magistrates' findings of probable cause.").

## II.  Defendant Uvino's and Defendant Persico's Motions for a *Franks* Hearing

Defendants Uvino and Persico seek a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the veracity of the affidavits supporting the various warrants at issue in this case. As discussed previously, Defendant Uvino argues that the August 27, 2020, Affidavit misrepresented the relationship between Uvino and John Doe #1, and "relied solely upon the findings of . . . [an FBI] Special Agent," which he claims are flawed. ECF No. 379-1 at 5 n.1, 8, 16. Defendant Persico contends that the FBI misrepresented his leadership position in the Colombo crime family in the affidavits supporting the various warrants he is challenging. ECF No. 382 at 45.

In *Franks*, the Supreme Court held that "[t]he Fourth Amendment entitles a defendant to a . . . hearing only if the defendant makes a substantial preliminary showing that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." *United States v. Nelson*, 828 F. App'x 804, 808 (2d Cir. 2020). "*Franks* has also been extended to cover material omissions in addition to material misstatements. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof in the form of affidavits or sworn or otherwise reliable statements of witnesses." *United States v. Gotti*, 399 F. Supp. 2d 214, 219 (S.D.N.Y. 2005). "Allegations that amount to negligence or innocent mistake do not constitute the required showing. The focus is not on whether a mistake was made, but rather the intention behind the mistake. If there is an inaccuracy in the affidavit based upon information provided by a third party, a *Franks* hearing is inappropriate because *Franks* is implicated only when the false statement is made by, or reckless

8

disregard is that of, the affiant.  There is no right to a hearing when the challenge is to information provided by an informant or other source." *United States v. Cook*, 348 F. Supp. 2d 22, 29 (S.D.N.Y. 2004).

Neither Defendant Uvino nor Persico points to any credible or probative evidence to dispute the allegations in the affidavits and instead make conclusory statements challenging the validity of the alleged misstatements.  ECF Nos. 376 at 13–19 (Uvino Motion); 412 at 7–9 (Uvino Reply); 382 at 45 (Persico Motion); 413 at 9–15 (Persico Reply).  As such, neither Defendant is entitled to a *Franks* hearing.  *See Gotti*, 399 F. Supp. 2d at 219 (requiring allegations of deliberate falsehood to be accompanied by an offer of proof).  Moreover, the government persuasively argues that the affidavits used to obtain the challenged Persico-related warrants "relied on a known and reliable confidential source, who was an associate of the Colombo family," ECF No. 396 at 70, and the August 27, 2020, Affidavit, that Defendant Uvino challenges, relied partly on information relayed by John Doe #1 and included "numerous transcripts of text messages and recorded calls between . . . John Doe #1 and others," ECF No. 396 at 72.  As noted above, a defendant does not have a right to a *Franks* hearing based on challenges to information provided by third parties, including confidential sources.  To succeed on their motions, therefore, Defendants "would have to show that [the third party] made a false statement or acted with reckless disregard for the truth, which the Defendant[s] ha[ve] not . . . proven."  *Cook*, 348 F. Supp. 2d at 30.

Finally, neither Defendant explains why the alleged misstatements were "necessary" to the probable cause determinations made by the issuing judges.  *Nelson*, 828 F. App'x at 808.  For example, Defendant Persico's precise position in the racketeering enterprise's hierarchy is not material to a finding that he was involved in criminal activity.  The critical fact is that he was a

9

senior leader of the enterprise, regardless of whether he was its *de jure* or *de facto* "boss." Similarly, the nature of Defendant Uvino's relationship with John Doe #1 is not material to the "criminal conduct relayed by John Doe #1." ECF No. 396 at 72. For these reasons, therefore, the Court concludes that the alleged discrepancies in the challenged affidavits, even if true, "fall far short of the substantial preliminary showing of deliberate or reckless falsity that a defendant must make before the Fourth Amendment requires a *Franks* hearing." *Nelson*, 828 F. App'x at 808. Accordingly, Defendants Uvino's and Persico's motions for a *Franks* hearing are denied.

### III.   Defendant DiMatteo's Motion for a Bill of Particulars

Defendant DiMatteo moves for a bill of particulars identifying with specificity the "others with whom [he] allegedly conspired to commit the charged crimes." ECF No. 372 at 4. The government responds that a bill of particulars is not necessary given the comprehensive discovery it has provided in the case. ECF No. 396 at 74.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may move for a bill of particulars "in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). The bill of particulars, however, cannot be used to "compel the government to provide a preview of its case or legal theories." *United States v. Mackey*, No. 21-cr-80, 2022 WL 2093012, at *2 (E.D.N.Y. May 13, 2022). Thus, it is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). "In determining whether a bill of particulars is warranted the important question is whether the information sought is necessary, not whether it is helpful.

10

Consistent with this principle, courts generally deny requests for bills of particulars concerning the wheres, when, and with whoms of the crime." *United States v. Perryman*, 881 F. Supp. 2d 427, 430 (E.D.N.Y. 2012). In any event, "[t]he decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

The Court finds that the government has provided Defendant DiMatteo with more than adequate information concerning his charged crimes and therefore denies his motion. The government has provided him with detailed wiretap and search warrant applications that identify acts by unindicted co-conspirators, ECF No. 396 at 74, and detailed line sheets of wiretap interceptions that identify (where known) the callers with whom DiMatteo or other co-conspirators discussed charged offenses, *id*. Moreover, the Superseding Indictment "identif[ies] with sufficient particularity the nature of the charge[s] pending against him," *Bortnovsky*, 820 F.2d at 574, including his alleged role and the racketeering acts he allegedly committed in participating in extortion and money laundering schemes. *See* ECF No. 286 ¶¶ 16, 25–26, 32–44, 49–57, 74–83. Considering the specificity of the allegations in the Superseding Indictment, the discovery that the government has provided, the fact that Defendant DiMatteo will have possessed the discovery for well over a year before the scheduled trial date, and the potential danger to co-conspirators given the nature of the charged crimes, *see United States v. Ramos*, No. 06-cr-172, 2009 WL 602977, at *1 (S.D.N.Y. Mar. 3, 2009) (considering the potential danger to co-conspirators in determining whether to grant motion for bill of particulars), the Court finds that Defendant DiMatteo has "received adequate information on which to prepare [his] defenses." *United States v. Mahaffy*, 446 F. Supp. 2d 115, 120 (E.D.N.Y. 2006). The Court, therefore, denies his motion for a bill of particulars.

### IV. Defendant Persico's Motion to Dismiss Count One of the Superseding Indictment

Defendant Persico moves to dismiss count one of the Superseding Indictment, ECF No. 286 ¶¶ 32–43, 49, charging him with engaging in a pattern of racketeering activity between 2001 and September 2021. ECF No. 382 at 53–57. He argues that the government breached its plea agreement with him in a previous case, *United States v. Bombino, et al.*, No. 10-cr-147 (E.D.N.Y.), because it allegedly agreed that "no further criminal charges will be brought against [Defendant Persico] for his participation in (1) racketeering conspiracy as alleged in Count One of the underlying indictment." ECF No. 396 at 76. According to Defendant Persico, he is being charged here with participating in the same racketeering enterprise as the one in *Bombino*. In response, the government contends that the conduct charged in this prosecution is distinct from the conduct at issue in *Bombino*. *Id*. The Court agrees that the conduct charged in the two cases, while involving the same racketeering enterprise, is nevertheless distinct because the cases involve different patterns of racketeering activity.

Plea agreements are interpreted under principles of contract law. But, unlike ordinary contracts, because plea agreements require defendants to waive certain constitutional rights, any ambiguities must be resolved against the government. *See In re Altro*, 180 F.3d 372, 375 (2d Cir. 1999) ("[P]lea agreements are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain."). Notwithstanding these unique concerns, in order to determine whether a plea agreement has been breached, courts "look to the reasonable understanding of the parties as to the terms of the agreement." *United States v. Brumer*, 528 F.3d 157, 158 (2d Cir. 2008). "The breach of plea agreement defense depends not on double jeopardy standards but on the language used in the plea agreement, subject to strict

12

contract interpretation." *United States v. Dionisio*, 415 F. Supp. 2d 191, 202 (E.D.N.Y. 2006), *aff'd*, 503 F.3d 78 (2d Cir. 2007).

Applying these principles here, the Court denies Defendant Persico's motion to dismiss and finds that the racketeering conspiracy alleged in count one of the Superseding Indictment in the instant action differs from the racketeering conspiracy in *Bombino*. The Superseding Indictment charges Defendant Persico with participating in: (i) a conspiracy to extort "money from the operating accounts of the Labor Union, including money to be paid as salary to John Doe #1," between 2001 and September 2021, ECF No. 286 ¶¶ 34–38; (ii) a conspiracy to extort money to be paid from the Health Fund's trust, proceeds from and profits resulting from vendor contracts with the Health Fund, and commercial contracts between the Health Fund and its existing vendors between November 2019 and September 2021, *id.* ¶¶ 40–43; and (iii) a money laundering conspiracy between November 2020 and September 2021, *id.* ¶ 49. By contrast, the indictment in *Bombino* charged Defendant Persico with participating in distinct patterns of racketeering activity unrelated to the extortion of the Labor Union and Health Fund, including, among other things, a conspiracy to extort the owner of Columbus Construction, a conspiracy to murder, witness tampering, and wire fraud, ECF No. 382-6 ¶¶ 24–26, 38, 40–43, 49–55, 58–67, during various time periods between June 1991 and February 2010. Defendant Persico's plea agreement in *Bombino* provides that the government will not bring "further criminal charges . . . against [Defendant Persico] for his participation in (1) racketeering conspiracy as *alleged in Count One of the underlying indictment*." ECF No. 396 at 76 (emphasis added). The language of the plea agreement in *Bombino* is clear that the government's agreement is limited to the charges as alleged in that indictment, and not to all racketeering activity more generally. *See United States v. Burrell*, No. 19-cr-643, 2021 WL 2139335, at *2 (S.D.N.Y. May 26, 2021)

13

("[B]y its plain terms, the Plea Agreement does not bar the charges in the instant case."). Because the Court finds that the racketeering acts in furtherance of the conspiracy in *Bombino* and the current prosecution are distinct, the Court concludes that the government has not breached the plea agreement in *Bombino*. *See United States v. Urso*, 369 F. Supp. 2d 254, 261–62 (E.D.N.Y. 2005) ("[I]t is neither the enterprise standing alone nor the pattern of racketeering activity by itself which RICO criminalizes. Rather, the *combination* of these two elements is the object of punishment under RICO.") (emphasis added). The language in the *Bombino* plea agreement does not support Defendant Persico's claim that the government is contractually barred from prosecuting him for the separate and distinct racketeering acts charged in this case. Defendant Persico's alleged membership in the same racketeering enterprise does not change this conclusion. *See, e.g.*, *United States v. Langella*, 804 F.2d 185, 189 (2d Cir. 1986) ("In any event, even if we were to assume an identity of the enterprises, we still would be compelled to reject appellants' double jeopardy claims, because the two indictments also allege two distinct patterns of racketeering activity."); *United States v. Russotti*, 717 F.2d 27, 33 (2d Cir. 1983) ("[F]or the present indictment to give rise to a valid claim of double jeopardy, *both* the enterprise and the pattern of activity alleged in the [earlier] indictment must be the same as those alleged in the [second] indictment. If either is different, there is no infirmity under the double jeopardy clause.").[6] Accordingly, Defendant Persico's motion to dismiss Count One of the Superseding Indictment is denied.

---

[6] Defendant Persico's breach of plea agreement defense does not depend on double jeopardy standards, *see Dionisio*, 415 F. Supp. 2d at 202. However, double jeopardy cases are nevertheless informative to the analysis here as they spell out the distinction between the "enterprise" and the "pattern of racketeering activity," each of which is a distinct element under RICO.

## V. Defendant DiMatteo's and Defendant Persico's Motions for Additional Discovery

Finally, Defendants DiMatteo and Persico each move separately for additional discovery. For the reasons set forth below, the Court denies both motions.

### A. Defendant DiMatteo's Motion for Additional Discovery

Defendant DiMatteo seeks statements of "non-government-witness co-conspirators" and the names and addresses of witnesses whom the government does not intend to call at trial. ECF No. 372 at 6. He claims he is entitled to this information because it may be "material" to the defense. *Id.*

The first set of information Defendant DiMatteo seeks—statements provided by alleged co-conspirators—is 18 U.S.C. § 3500 material. *See* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by Government witness or prospective Government witness (other than the defendant) shall be the subject of subp[o]ena, discovery, or inspection *until said witness has testified on direct examination in the trial* of the case.") (emphasis added). Accordingly, the government is required to provide him with the statements of alleged co-conspirators or confidential informants not charged in the Superseding Indictment only if they testify at trial and not until they have done so. ECF No. 372 at 6. *See United States v. Nunez*, No. 00-cr-121, 2001 WL 91708, at *7 (S.D.N.Y. Feb. 1, 2001) ("The Government is not required to produce Jenks Act material until after the witness has testified on direct examination at trial. There is no constitutional right to have early disclosure of . . . 3500 material.").

The second set of information Defendant DiMatteo seeks—names and addresses of witnesses whom the government does not intend to call at trial—is not material evidence. Consequently, the government does not have an obligation to produce it. Rule 16 requires the

15

government to produce documents to the defendant if: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence [will enable] the defendant significantly to alter the quantum of proof in his favor." *United States* v. *Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991). "In order to compel the [g]overnment to produce certain evidence, a defendant must make a *prima facie* showing of materiality, and must offer more than the conclusory allegation that the requested evidence is material." *United States* v. *Abdalla*, 317 F. Supp. 3d 786, 790 (S.D.N.Y. 2018); *see also United States v. Valone*, No. 87-cr-131, 1988 WL 59255, at *3 (W.D.N.Y. June 7, 1988) ("There is no entitlement to reports concerning individuals whom the government does not intend to call at trial."). Defendant DiMatteo has not made a *prima facie* showing of materiality beyond the conclusory allegation that the information is necessary to bolster his defense. *See Abdalla*, 317 F. Supp. 3d at 790; *see also* ECF No. 372 at 6. Accordingly, the Court denies his motion for additional discovery.

### B. *Defendant Persico's Motion for Additional Discovery*

Defendant Persico seeks additional discovery related to: (i) applications for pen registers and trap-and-trace devices on his phones; (ii) two warrant applications related to location information for his vehicle ("January 22, 2021, and February 8, 2021, Search Warrants"); and (iii) evidence from the Title III wiretaps on phone numbers allegedly used by former co-defendant Andrew Russo and Defendant DiMatteo "intercepted from the separate FBI investigation involving a lottery scheme." ECF No. 382 at 34; ECF No. 396 at 84. Defendant

16

Persico claims this information is material and that the government has an obligation to produce it pursuant to Rule 16, as well as *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1962). *Id.* at 35.

"Under *Brady* and related authorities, the government has an affirmative duty under the Due Process Clause to disclose favorable evidence known to it to the defendant in a criminal case. The Government violates its duty under *Brady* where it fails either willfully or inadvertently to disclose evidence that is favorable to the defendant and where the defendant is prejudiced by the suppression of the material." *United States v. Velissaris*, No. 22-cr-105, 2022 WL 2392360, at *1 (S.D.N.Y. July 3, 2022). As elaborated in *Giglio*, "that obligation [to disclose evidence] extends to not only exculpatory material, but also information that could be used to impeach a key Government witness." *United States v. Noel*, No. 19-cr-830, 2020 WL 12834537, at *2 (S.D.N.Y. June 9, 2020). "For evidence to be material in the context of a trial, there must be a sufficient probability that disclosure of the evidence would change the result of the proceeding and thereby undermine confidence in the outcome of the trial." *Velissaris*, 2022 WL 2392360, at *1. *Brady* and *Giglio* material must be disclosed "in time for its effective use at trial" and do not need to be immediately disclosed. *United States v. Coppa*, 267 F.3d 132, 144–46 (2d Cir. 2001). However, these disclosure obligations only extend to evidence that is "known to the prosecutor." *Velissaris*, 2022 WL 2392360, at *1; *see also* Fed. R. Crim. P. 16(a)(1)(E) (requiring the production of material information "within the government's possession, custody, or control").

With respect to the January 22, 2021, and February 8, 2021, Search Warrants, the government avers that it "did not receive location information from Mercedes or its provider despite multiple requests and the provision of the Court order" and that it "will not be used in its

17

case-in-chief at trial." ECF No. 396 at 84.  Regarding the applications for pen registers and trap-and-trace devices on Defendant's phones, the government further avers that it "will not use information from a pen register/trap and trace application at trial" and that such information is not exculpatory in nature.  *Id.*  Finally, with respect to the evidence from the Title III wiretaps on phone numbers allegedly used by former co-defendant Russo and Defendant DiMatteo, the government maintains that it does not "intend to use any statements intercepted in [Defendant] Persico's requested wiretap order obtained through the separate FBI investigation involving a lottery scheme as evidence in its case-in-chief at trial."  *Id.*  Accordingly, the government has no obligation to disclose any of the material pursuant to Rule 16, *Brady* or *Giglio*.  *See* Fed. R. Crim. P. 16(a)(1)(E) (requiring the government to produce documents it intends to use in its case-in-chief at trial); *Coppa*, 267 F.3d at 144–46 (requiring *Brady* and *Giglio* material to be disclosed in time for its effective use at trial).  Nevertheless, if these circumstances were to change, "the government affirms that it is aware of and will continue to comply with its *Brady* obligations throughout the course of this case."  ECF No. 396 at 85.

Accordingly, in light of the government's "good faith representation[s]," the Court denies Defendant Persico's motion for additional discovery.  *Barrera,* 950 F. Supp. 2d at 476 (holding that because "the Government . . . made a good faith representation to the Court [that it was not aware of any *Brady* material and will continue to comply with *Brady* obligations], the motion to compel the Government to provide *Brady* material is denied without prejudice as premature").

18

## **CONCLUSION**

For the reasons set forth herein, the Pre-Trial Motions are DENIED in their entirety.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       March 13, 2023